UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| RISEN ENERGY CO., LTD.<br><br>                Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>                Defendant. | Court No. 23-0153 |

**COMPLAINT**

On behalf of Risen Energy Co., Ltd. ("Risen"), a Chinese producer and exporter of Crystalline Silicon Photovoltaic Cells, we hereby bring this civil action and allege the following:

**Parties**

1. Risen Energy Co., Ltd. ("Risen") is a Chinese producer and exporter of Crystalline Silicon Photovoltaic Cells ("Solar Cells") and was a mandatory respondent in the sixth solar cells countervailing administrative review for the period January 1, 2020 through December 31, 2020.

2. Defendant is the United States of America acting by and through the U.S. Department of Commerce (the "Department").

**Jurisdiction**

3. This action is brought pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (2)(B)(iii) to contest the Department's final results of the administrative review under 19 U.S.C. §1675. *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the*

1

*People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2020*, 88 Fed. Reg. 44,108 (July 11, 2023) ("Final Results"), *incorporating* Issues and Decision Memorandum ("Final IDM").  Accordingly, this Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## Standing

4. Risen is a foreign producer and exporter of subject merchandise.  The subject merchandise includes solar cells as well as modules, laminates, and panels consisting of solar cells.  Risen participated as an individually examined mandatory respondent in the countervailing administrative review resulting in the contested Final Results.  Accordingly, Risen is an interested party within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A).

5. In addition, because the Department's Final Results overstated Risen's countervailing duty margin, Risen has been adversely affected and aggrieved by agency action within the meaning of 5 U.S.C. § 702.  Therefore, Risen has standing to bring this action under 28 U.S.C. § 2631(c).

## Timeliness

6. Notice of the Final Results was published in the Federal Register on July 11, 2023.  Risen filed the summons instituting this action on August 10, 2023, *i.e.*, within 30 days of publication of the Final Results, serving notice of the action upon all other participants in the review on the same date.  The first business day thirty days from August 10, 2023 is September 11, 2023.  Accordingly, Risen is timely filing this complaint and has commenced this action within the time limits specified in 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rule 3 of the Rules of this Court.

**Facts**

7. On February 4, 2022, the Department initiated the ninth administrative review of the countervailing duty order on Solar Cells from China. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 87 Fed. Reg. 6,487 (February 4, 2022) (Initiation Notice).

8. The Department selected Risen and Jinko Solar Import and Export Co., Ltd. (Jinko), the two companies accounting for the largest volume of entries in the CBP entry data, as mandatory respondents. *See* Dep't of Commerce, Memorandum re: *Respondent Selection* (March 22, 2022).

9. Risen timely responded to all questionnaire responses. In its Section III questionnaire response, Risen responded to the Department's questions regarding the Export Buyer's Credit Program ("EBC") confirming that none of Risen's customers benefitted from this program. Risen explained that as the exporter, Risen is in a position to know with certainty whether any of its customers used this program. Further, Risen, despite the Department never requesting certifications from its customers, provided certifications from all but one of its customers certifying non-use. *See* Risen Sec. III (May 27, 2022) at 39-40 & Exhibit 18. Risen was not able to provide a certification from one Customer, explaining that Risen and the company no longer had a relationship and that the customer only represented 1% of its POR sales.

10. Jinko only had two customers that were both affiliates of Jinko and was able to provide certifications of non-use from both of these customers. The Department subsequently issued an EBC questionnaire to Jinko, requesting additional information from its customers on financing received. *See* Jinko Supp Qre (August 8, 2022). Jinko timely answered this

questionnaire with information from its affiliated customers.  The Department did not issue an EBC questionnaire to Risen.

11. In the Preliminary Results, the Department assigned the 5.46 percent total adverse facts available rate for the EBC program to Risen, even though the Department acknowledged that Risen submitted evidence to the effect that (1) Risen never applied for subsidies under EBC program for itself or for its customers, and (2) Risen's U.S. customers attested to the fact that they never used the EBC.  Based on Jinko's EBC questionnaire response, the Department found that Jinko did not use this program.

12. Risen timely filed a case brief, arguing that the Department cannot use AFA to find that Risen used the EBC program merely because the Government of China failed to provide a copy of the alleged China Ex-Im Bank's internal guidelines from 2013 or supply a list of the alleged partner banks/third-party institutions, which the Court of International Trade has ruled in numerous cases is not "necessary information."  Further, Risen argued that the Department acted contrary to law in penalizing Risen for not providing information it was never requested to provide (customer certifications) and the Department acted arbitrarily in not issuing Risen an EBC supplemental questionnaire and allowing Risen to fill the perceived "gap" on the record in the same manner as Jinko.

13. In the Final Results the Department continued to apply AFA for the EBC program for Risen.

14.     This appeal ensued.

## COUNT I

15. Plaintiff hereby incorporates, by reference, paragraphs 1 through 14 above.

16. The Department's application of AFA with respect to Risen's use of the EBCP is unsupported by substantial evidence and is not in accordance with the law.  19 U.S.C. § 1516a(b)(1)(B)(i) (the court "shall hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law . . ..").

17. Risen demonstrated that it did not use the EBCP, nor did its U.S. customers use the EBCP.  The record does not contain any evidence to the contrary.  As such, the Department's conclusion that Risen used the EBCP is unsupported by substantial evidence.  Furthermore, the Department's determination is not in accordance with the law because the Court of International Trade has found in numerous cases that the Department cannot apply AFA to this program when all parties involved, namely – the Government of China, the Chinese exporter, and the U.S. customer(s) – all attested to non-use of the program and when there is no necessary information missing from the record.  *See Yama Ribbons & Bows Co. v. United* States, 2019 Ct. Intl. Trade LEXIS 174; Slip Op. 19-173 (Dec. 30, 2019); *Changzhou Trina Solar Energy Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 138, Slip Op. 19-143 (Nov. 18, 2019) ("*Changzhou V*"); *Changzhou Trina Solar Energy Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 138, Slip Op. 19-137 (Nov. 8, 2019) ("*Changzhou IV*"); *Changzhou Trina Solar Energy Co. v. United States*, 2018 Ct. Intl. Trade LEXIS 179, Slip Op. 18-167 (Nov. 30, 2018) ("*Changzhou III*"); *Changzhou Trina Solar Energy Co. v. United States*, 352 F. Supp. 3d 1316, Slip Op. 2018-166 (C.I.T. 2018) ("*Changzhou II*"); *Changzhou Trina Solar Energy Co. v. United States*, 255 F. Supp. 3d 1312 (C.I.T. 2017) ("*Changzhou I*"); *Guizhou Tyre Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 172; Slip Op. 19-171 (December 26, 2019) ("*Guizhou Tyre V*"); *Guizhou Tyre Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 156; Slip Op. 19-155 (December 10, 2019) ("*Guizhou Tyre*

*IV*"); *Guizhou Tyre Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 114, Slip Op. 2019-114 (August 21, 2019) ("*Guizhou Tyre III*"); *Guizhou Tyre Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 58, Slip Op. 19-59 (May 15, 2019) ("*Guizhou Tyre II*"); *Guizhou Tyre Co. v. United States*, 348 F. Supp. 3d 1261 (C.I.T. 2018) ("*Guizhou Tyre I*"); *Jiangsu Zhongji Lamination Materials Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 122, Slip Op. 19-122 (Sep. 18, 2019); *Clearon Corp. v. United States*, 359 F. Supp. 3d 1344 (C.I.T. 2019).

\* \* \*

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against the defendant:

(1) Declaring that the Department's determination to apply AFA and to find that Plaintiff used the EBCP was not supported by substantial evidence and not in accordance with the law;

(2) Providing any additional relief as may be just in the circumstances.

Respectfully submitted,

/s/ Gregory S. Menegaz
Gregory S. Menegaz
Alexandra H. Salzman
**deKieffer & Horgan, PLLC**
1156 Fifteenth Street, N.W.  20005, Suite 1101
Tel: (202) 783-6900
email:  gmenegaz@dhlaw.com

Dated:  September 11, 2023

6