# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| RISEN ENERGY CO., LTD.<br>   Plaintiff,<br><br>v.<br><br>UNITED STATES,<br>   Defendant,<br> and<br><br>AMERICAN ALLIANCE FOR SOLAR MANUFACTURING,<br>   Defendant-Intervenor. | Court No. 23-0153 |

## OPPOSED MOTION TO AMEND COMPLAINT

Pursuant to rule 15(a)(2), Plaintiff Risen Energy Co., Ltd. ("Risen) hereby requests leave of this Court to file an amended complaint in this proceeding. Risen timely filed its complaint on September 11, 2023. According to rule 15(a)(1), Risen had the right to amend its complaint as a matter of course up through October 2, 2023. After this time, parties may request leave of the Court to amend a pleading, with the Court specifically stating that it "should freely give leave when justice so requires." CIT Rule 15(a)(2); *see also Jinan Yipin Corp. v. United States*, 774 F. Supp. 2d 1238, 1241 (Ct. Int'l Trade 2011) (allowing party to amend complaint to add new count after remand results). Risen requests the Court's leave to amend its complaint at this time to include an additional claim due to intervening caselaw.

On October 11, 2023, this Court issued Slip. Op. 23-148 in *Risen Energy, Co., Ltd. v United States* CIT 22-231, the appeal of the prior administrative review. In this opinion, the Court rejected "Commerce's finding that the Article 26(2) program is de jure specific" and

1

remanded for the Department "to remove the program as a countervailable subsidy." Slip. Op. 23-148 at 12. In the instant review under appeal, the Department made the same specificity finding with respect to the same program and found that Risen benefitted from this same Article 26(2) tax program. Accordingly, now with this intervening case law, Risen wishes to raise the same claim in this appeal.

Risen submits that the Court has good cause to grant this request because 1) the appeal is still in its very beginning stages such that no party will be prejudiced by the inclusion of this count and also 2) Risen did not have a basis to include this count until the Court's October 11, 2023 decision. Risen filed its complaint on September 11, 2023. In this type of proceeding, the other parties do not respond to the complaint. Rather, Risen will file a rule 56.2 motion and supporting brief, only after that time months away will the other parties respond to the issues raised by Risen.

The administrative record is not due until October 23, 2023, and the joint status report and proposed scheduling order due 30 days after that, which generally provides Plaintiff with 60 days to file its rule 56.2 motion and brief . In other words, Risen's rule 56.2 motion will not even be filed for a few more months and these issues will not be considered by the other parties until that time. Accordingly, there is no prejudice by this relatively short delay in including this count.

Moreover, the basis to include this additional claim did not truly arise until the Court's October 11, 2023 decision. This particular tax program is a newly raised countervailable program, countervailed for the first time in the prior review in a post-preliminary decision. In the review on appeal, Risen did not brief the lack of specificity for this program, nor did any other party.

Normally, this set of circumstances would present exhaustion of administrative remedies issues. However, given this intervening law, Risen submits that it can now properly raise this count under two well-established exceptions to the normal exhaustion requirement. Further, the Court has previously granted requests to amend a complaint, even much later than this request, due to intervening case law even when similar exhaustion issues have arisen. *Rhone Poulenc, S.A. v. United States*, 583 F. Supp. 607, 612 (discussing caselaw on exhaustion and finding that the harm to Plaintiffs outweighed any prejudice to defendants, and allowed Plaintiffs to amend complaint to include a new count even after briefing was completed because of intervening caselaw).

First, the Courts have long recognized that intervening legal authority is an exception to the exhaustion requirement. *Siemens Gamesa Renewable Energy v. United States*, 621 F. Supp. 3d 1337, 1348 (Ct. Int'l Trade 2023). "To qualify for the intervening judicial decision exception, there must have been 'judicial interpretations of existing law after decision below and pending appeal-interpretations which if applied might have materially altered the result.'" *Gerber Food (Yunnan) Co. v. United States*, 601 F. Supp. 2d 1370, 1380 (Ct. Int'l Trade 2009) citing *Hormel v. Helvering*, 312 U.S. 552, 558-59 (1941) (footnote omitted). The October 11, 2023 decision is a judicial interpretation of the 19 U.S.C. § 1677(5A)(D)(i) specificity requirement for the very same Chinese tax program. The application of this decision would materially alter the result of the review. Accordingly, this exception to the normal requirement to exhaust administrative remedies by raising all issues in the case brief applies to this case and the Court can properly consider this count.

Second, exhaustion is not required where a court is asked to consider a "pure question of law" such that "additional proceedings would further develop the interpretation offered. . . ."

*Agro Dutch Indus., Ltd. v. United States*, 508 F.3d 1024, 1029 (Fed. Cir. 2007); *see also Koyo Seiko Co. v. United States*, 186 F. Supp. 2d 1332, 1338 (Ct. Int'l Trade 2002) (exhaustion is not required when "the question is one of law and does not require further factual development and, therefore, the court does not invade the province of the agency by considering the question"). As seen in Slip Op. 23-148, the Court's decision found in order for the tax program to be specific within the meaning of the statute it "must be limited to a specific business organization or a limited group of businesses." Slip Op. 23-148 at 11. The Court continued that "Commerce stated that it was limited to "'enterprises with investment gains derived from direct investment in another resident enterprise,' but this is not a limit to specific enterprises or industries." *Id*. at 12. Then the Court concluded that the statutory interpretation is not reasonable and ordered Commerce to remove the program.

In the review on appeal here, the Department gave the <u>exact</u> same definition of supposedly limited enterprises in finding the program is specific. Prelim. Decision Memo at 52 (giving same definition and citing to and stating it was making the same decision as the prior administrative review). Accordingly, there is no further factual development needed to make a decision in this review. The facts for this very same program are the same in both cases. The Department's justification that the program is specific is exactly the same in both cases. The Department will not be deprived of agency expertise by the Court's consideration of this issue. Further, this Court's decision in Slip Op. 23-148 did not remand for reconsideration of specific facts or further explanation, but found straight out that the Department's finding of specificity for this program was not in accordance with the law, demonstrating that this is a purely legal question. Accordingly, this exception to the normal requirement to exhaust administrative remedies by raising all issues in the case brief applies to this case.

Lastly, the paramount considerations of accuracy weigh heavily in the balance of not requiring exhaustion under the circumstances. *Itochu Bldg. Prods. v. United States*, 733 F.3d 1140, 1145 (Fed. Cir. 2013) ("Inquiry into the purposes served by requiring exhaustion in the particular case, and any harms caused by requiring such exhaustion, is needed to determine appropriateness."). The Court found the Department's conclusion that this tax program was countervailable was meritless, thus the principles of accuracy would weigh that Risen should not be penalized with this inaccurate margin from a truly non-specific subsidy tax program. *Rhone Poulenc, Inc. v. United States*, 899 F.2d 1185, 1191 (Fed. Cir. 1990) ("…the basic purpose of the statute -- determining current margins as accurately as possible."); *see also Timken US Corp. v. United States*, 318 F. Supp. 2d 1271, 1275 (March 5, 2004). Moreover, Risen submits that further argumentation regarding the exhaustion of administrative remedies of this count is most appropriately raised in the briefing *after* the Court grants this motion to amend Risen's complaint.

On October 16, 2023, Risen consulted with the other parties of this appeal regarding their position on this motion. On October 18, 2023, Joshua E. Kurland, Counsel to Defendant United States, indicated that the Government opposes the motion to amend, on futility grounds, because Risen failed to exhaust its administrative remedies with respect to the additional count it seeks to add to its complaint and no exception to the exhaustion requirement applies in this case. On October 18, 2023, Timothy C. Brightbill, Counsel to Defendant-Intervenor indicated they oppose the motion.

Nonetheless, Risen submits that given the narrow, legal issue that Risen wishes to include in its complaint and how early in the proceeding this amendment is being proposed, that justice requires granting this motion. CIT Rule 15(a)(2) (discussing amending pleadings and that even

5

in the event of opposition, the court can give leave to amend a pleading and that "[t]he court should freely give leave when justice so requires.").

 

Respectfully submitted,

/s/ Gregory S. Menegaz
Gregory S. Menegaz
Alexandra H. Salzman
**DEKIEFFER & HORGAN, PLLC**
1156 Fifteenth Street, N.W.  20005, Suite 1101
Tel: (202) 783-6900
email:  gmenegaz@dhlaw.com

Dated:  October 19, 2023

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| RISEN ENERGY CO., LTD.<br>   Plaintiff,<br><br> v.<br><br>UNITED STATES,<br>   Defendant,<br> and<br><br>AMERICAN ALLIANCE FOR SOLAR MANUFACTURING,<br>   Defendant-Intervenor. | Court No. 23-0153 |

## **ORDER**

Upon consideration of the Plaintiff's Motion to Amend Complaint, it is hereby

**ORDERED** that said motion is GRANTED, and it is further hereby

**ORDERED**, that Risen's Amended Complaint is deemed filed.

DATED: _____      _____
  New York, New York          Jane A. Restani, Judge