IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, SENIOR JUDGE

| | |
|---|---|
| RISEN ENERGY CO., LTD., | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant | ) |
| and | ) |
| AMERICAN ALLIANCE FOR SOLAR MANUFACTURING, | ) |
| Defendant-Intervenor. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendant, the United States, respectfully submits this response in opposition to plaintiff Risen Energy Co., Ltd.'s (Risen's) motion to amend its complaint in this action. ECF No. 21 (Risen's motion to amend). Risen filed its motion pursuant to CIT Rule 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "{t}he court should freely give leave when justice so requires." In its motion, Risen seeks to add a new count to its complaint alleging that "{t}he Department's decision to treat the Article 26(2) Tax Exemption Program as countervailable, when the program is not specific, was not supported by substantial evidence and was otherwise not in accordance with law." ECF No. 21-1 at 6 (Risen's proposed amended complaint). Risen's motion is futile, and thus lacks merit, because Risen failed to exhaust its administrative remedies with respect to this claim and none of the limited exceptions to the exhaustion requirement apply.

## BACKGROUND

Commerce originally found tax exemptions under Article 26(2) of China's Enterprise Income Tax Law (the Article 26(2) program) to be a countervailable subsidy in the 2019 administrative review of Commerce's countervailing duty order concerning solar cells from China, in which Risen was a mandatory respondent.  *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules from the People's Republic of China*, 87 Fed. Reg. 40,491 (Dep't of Commerce Jul. 7, 2022) (final admin. review), and accompanying Issues and Decision Memorandum at 13, 75-78 (IDM).  Commerce in that review calculated a program-specific subsidy rate of 0.03 percent *ad valorem* for Risen in connection with the Article 26(2) program.  *Id.* at 13.  Risen did not challenge that aspect of Commerce's determination; however, a second mandatory respondent contested Commerce's finding that the Article 26(2) program was *de jure* specific through litigation in which Risen was the lead plaintiff.  *See generally Risen Energy Co., Ltd. v. United States*, Consol. Ct. Int'l Trade No. 22-00231 (*Risen Energy*).

In the preliminary results of the 2020 administrative review, the proceeding that Risen contests in this case, Commerce again found that the Article 26(2) program constituted a countervailable subsidy.  *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules from the People's Republic of China*, 88 Fed. Reg. 1,355 (Dep't of Commerce Jan. 10, 2023) (prelim. admin. review), and accompanying Prelim. Decision Memorandum at 51-52 (PDM).  Despite its participation in the *Risen Energy* litigation—and consequent awareness of the challenge to Commerce's *de jure* specificity finding— neither Risen nor any other party challenged Commerce's findings with respect to the Article 26(2) program in the 2020 review. Commerce thus continued to find the program countervailable in the final results of the review, assigning Risen a program-specific subsidy rate of 1.15 percent *ad valorem*.  *Crystalline Silicon*

*Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China*, 88 Fed. Reg. 44,108 (Dep't of Commerce Jul. 11, 2023) (final admin. review), and accompanying IDM at 8.

On September 11, 2023, Risen filed its complaint in this case challenging Commerce's application of an adverse inference in connection with China's Export Buyer's Credit Program, but continuing not to challenge the Article 26(2) Tax Program.  ECF No. 8.  Subsequently, on October 11, 2023, the Court issued Slip. Op. 23-148 in *Risen Energy*, pertaining to the 2019 review of the solar cells order, in which it held that Commerce's *de jure* specificity finding for the Article 26(2) program in that review was unsupported by substantial evidence and not in accordance with law.  *See Risen Energy Co. v. United States*, No. 22-00231, 2023 WL 6620508, at *5 (Ct. Int'l Trade Oct. 11, 2023).  The Court remanded the matter to Commerce to remove the program as a countervailable subsidy, observing that the record in the 2019 review lacked evidence regarding whether the Article 26(2) program is *de facto* specific under 19 U.S.C. § 1677(5A)(D)(iii).  *Id.* at *5 & n.3.

Notwithstanding its failure to challenge Commerce's countervailability finding concerning the Article 26(2) program while the *Risen Energy* litigation proceeded, Risen now seeks to amend its complaint to include such a challenge.  *See* ECF No. 21 (Risen's motion and proposed amended complaint).  We oppose Risen's motion because Risen failed to exhaust its administrative remedies with respect to the Article 26(2) program, and because no exception to the exhaustion requirement applies.  Amending Risen's complaint is futile in such circumstances, and thus is not required by justice.  *See* CIT Rule 15(a)(2); *Kemin Foods, L.C. v. Pigmentos Vegetales del Centro S.A. de C.V.*, 464 F.3d 1339, 1353 (Fed. Cir. 2006) (leave to amend may be denied "if the court finds that . . . the amendment would be futile" (citation omitted)).

**ARGUMENT**

Congress has mandated that "the Court of International Trade shall, where appropriate, require the exhaustion of administrative remedies." 28 U.S.C. § 2637(d). This statute "indicates a congressional intent that, absent a strong contrary reason, the court should insist that parties exhaust their remedies before the pertinent administrative agencies." *Boomerang Tube LLC v. United States*, 856 F.3d 908, 912 (Fed. Cir. 2017) (citing *Corus Staal BV v. United States*, 502 F.3d 1370, 1379 (Fed. Cir. 2007)). Hence, courts take "a 'strict view' of the requirement that parties exhaust their administrative remedies . . . in trade cases." *Corus Staal*, 502 F.3d at 1379. "Simple fairness," moreover, "requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred *against objection made at the time appropriate under its practice*." *Mittal Steel Point Lisas Ltd. v. United States*, 548 F.3d 1375, 1583-84 (Fed. Cir. 2008) (quoting *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952) (emphasis added by Court)).

Risen concedes that it did not contest Commerce's countervailability finding with respect to the Article 26(2) program at the administrative level. Risen Mot. at 2 ("In the review on appeal, Risen did not brief the lack of specificity for this program, nor did any other party."). Consequently, Risen should not be permitted to challenge Commerce's specificity finding for the first time on appeal. "Exhaustion serves two main purposes: 'to allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors,' and to 'promot{e} judicial efficiency by enabling an agency to correct its own errors so as to moot judicial controversies.'" *Stanley Works (Langfang) Fastening Sys. Co. v. United States*, 279 F. Supp. 3d 1172, 1189 (Ct. Int'l Trade 2017) (quoting *Sandvik Steel Co. v. United States*, 164 F.3d 596, 600 (Fed. Cir. 1998)). By not

4

contesting Commerce's review of the Article 26(2) program, Risen deprived Commerce of the opportunity to fully develop the factual record and to apply its expertise. This failure is not only a matter of fairness to Commerce, but also to the Court, which is now faced with a controversy that could have been addressed had Risen raised this issue at the administrative level.

Moreover, Risen has not provided any explanation for why it was unable to raise this issue before the agency. *See Ceramica Regiomontana, S.A. v. United States*, 16 C.I.T. 358, 361 (1992) ("When determining whether a question is precluded from consideration on appeal, the Court will assess the practical ability of a party to have its arguments considered by the administrative body." (citation omitted)). Risen both participated in the 2019 review, in which this issue was raised before Commerce, and is the lead plaintiff in the litigation that yielded the Court's decision in *Risen Energy*. Therefore, Risen was fully aware of the issue before the Court in *Risen Energy* when it declined to contest any aspect of the Article 26(2) program in the 2020 review. *Cf. Boomerang Tube*, 856 F.3d at 913 (requiring exhaustion when parties "either knew or should have known" that issue was in play before Commerce). The exhaustion statute exists to permit Commerce the ability to address matters within its competence at the administrative level, and to promote judicial efficiency. *See Stanley Works*, 279 F. Supp. 3d at 1189. In this case, Risen made a business decision not to pursue the issue in the 2020 review while its co-plaintiff did so in the 2019 review.

Risen should not be permitted to circumvent the purpose of the exhaustion statute by raising for the first time before this Court an issue that was entirely within its knowledge and power to raise at the administrative level, and that Commerce has been unfairly deprived from fully considering. *See L.A. Tucker*, 344 U.S. at 35 (requiring exhaustion, despite trial court agreement with party's claim on its merits, when party seeking to amend complaint did not

5

provide "any excuse for its failure to raise the objection upon at least one of its many opportunities during the administrative proceeding").  Indeed, had Risen contested Commerce's specificity determination, Commerce could have further examined the factual predicate for its *de jure* specificity finding.  Further, if Commerce had agreed with Risen, or otherwise deemed it appropriate, Commerce could have further developed the factual record and potentially proceeded to a *de facto* specificity analysis under 19 U.S.C. § 1677(5A)(D)(iii).  Risen's failure to raise the issue, however, deprived Commerce of that opportunity.

Risen seeks to excuse its failure to exhaust its remedies by arguing that the intervening judicial interpretation exception to the exhaustion doctrine applies in this case.  Risen Mot. at 3 (citing *Siemens Gamesa Renewable Energy v. United States*, 621 F. Supp. 3d 1337, 1348 (Ct. Int'l Trade 2023); *Gerber Food (Yunnan) Co. v. United States*, 601 F. Supp. 2d 1370, 1380 (Ct. Int'l Trade 2009)).  The Court has recognized such an exception when "there has been an intervening judicial interpretation of existing law 'which if applied might have materially altered the result.'"  *Siemens Gamesa,* 621 F. Supp 3d at 1348 (citing *Hormel v. Helvering*, 312 U.S. 552, 558-59 (1941)).  However, the Court has also previously found that this exception does not apply to the non-binding decisions of the Court of International Trade.  *See Gerber Food*, 601 F. Supp. 2d at 1380 (citing *Algoma Steel Corp. v. United States*, 865 F.2d 240, 243 (Fed. Cir. 1989)); *Stanley Works*, 279 F. Supp. 3d at 1189.

Equally, Risen's invocation of the intervening judicial interpretation exception in this case is contrary to the purpose of the exception, which generally applies in circumstances when the non-exhausting party would not otherwise be expected to raise a claim.  *See Hormel*, 312 U.S. 552, at 558 (discussing such exception in the context "where the obvious result would be a plain miscarriage of justice").  The Court's *Risen Energy* decision did not meaningfully alter

Risen's ability to raise the Article 26(2) program issue in the underlying review. *Compare Ceramica,* 16 C.I.T. at 361 (holding that plaintiff failed to exhaust administrative remedies, notwithstanding intervening judicial decision, when its claim "does not stem from an unforeseen change in the law" and "{t}he unambiguous and plain meaning of the statutes could not have taken plaintiffs by surprise") *with Timken Co. v. United States*, 630 F. Supp. 1327, 1334 (Ct. Int'l Trade 1986) (exhaustion requirement did not apply when plaintiff "arguably has been taken by surprise" by intervening decision); *cf. Boomerang Tube*, 856 F.3d at 913 (refusing to excuse exhaustion when parties had notice of issue). Therefore, the timing of the Court's *Risen Energy* decision should not absolve Risen of its business decision not to avail itself of its administrative remedies with respect to the Article 26(2) program.

Risen also argues that the pure question of law exception to the exhaustion requirement applies in this case. Risen Mot. at 3-4 (citing *Agro Dutch Indus., Ltd. v. United States*, 508 F.3d 1024, 1029 (Fed. Cir. 2007); *Koyo Seiko Co. v. United States*, 186 F. Supp. 2d 1332, 1338 (Ct. Int'l Trade 2002)). In order for the pure question of law exception to apply, "plaintiff must raise a new argument that is of a purely legal nature, the inquiry must not require further agency involvement, additional fact finding, or opening up of the record, and the inquiry must neither create undue delay nor cause expenditure of scarce party time and resources." *Gerber*, 601 F. Supp. 2d at 1380 (citation omitted). The count that Risen seeks to add to its amended complaint does not meet those criteria. First, the issue of whether a program is *de jure* or *de facto* specific is necessarily a question of mixed fact and law, which depends on the facts of a given subsidy program. Risen implicitly acknowledges this in its proposed amended complaint, in which it alleges that Commerce's specificity finding is "*not supported by substantial evidence* and was otherwise not in accordance with law." ECF No. 21-1 at 6 (emphasis added); *see also Risen*

7

*Energy*, 2023 WL 6620508, at *5 (ruling that Commerce's specificity finding was unsupported by substantial evidence).  Second, Commerce's specificity determination is potentially subject to further fact-finding.  Had this issue been raised at any time before Commerce in the underlying review, Commerce could have further examined the factual predicate for its finding that the Article 26(2) program is *de jure* specific.  Likewise, the record could have been further developed to include information regarding whether the Article 26(2) program is *de facto* specific pursuant to 19 U.S.C. § 1677(5A)(D)(iii).  The Court observed that Commerce did not collect such information in the 2019 review.  *See Risen Energy*, 2023 WL 6620508, at *5 n.3.  But Commerce may have done so here, had Risen challenged this issue before Commerce.

Risen argues that, because Commerce's reasons for finding the Article 26(2) program specific are the same across the 2020 and 2019 reviews, no further factfinding is necessary to determine whether the program is specific.  Risen Mot. at 4.  But that assumes that Commerce could not and would not have done anything else in analyzing *de jure* or *de facto* specificity if anyone had raised the issue.  Subsidies that Commerce finds not to be *de jure* specific may nonetheless be found to be *de facto* specific.  *See, e.g.*, *Gov't of Québec v. United States*, 567 F. Supp. 3d 1273, 1278-79 (Ct. Int'l Trade 2022), *appeal pending* Fed. Cir. No. 22-1807.  Risen assumes that Commerce would not have collected further information to examine whether the Article 26(2) program is *de facto* specific.  This assumption is unsupported and reflects how Risen's untimely challenge has hampered Commerce's investigative authority.  Assuming, as Risen does, that the Article 26(2) program is not *de jure* specific, Commerce's inquiry would require further factfinding and record development to address the matter of *de facto* specificity, because Commerce did not initially collect such information.  *See* PDM at 51-52 ("There is no new information on the record that would cause us to reconsider our prior determination.").

Additionally, a *de facto* specificity analysis and the collection of information necessary for that analysis would require the expenditure of Commerce's, Risen's, and the Government of China's resources. For that reason alone, Risen's untimely challenge does not satisfy the pure question of law exception. *See Gerber*, 601 F. Supp. 2d at 1380 ("To qualify for this exception, . . . the inquiry must neither create undue delay nor cause expenditure of scarce party time and resources."). Thus, the question of whether the Article 26(2) program is specific is not a pure question of law and should not except Risen from the exhaustion requirement.

Finally, Risen argues that "the paramount considerations of accuracy weigh heavily in favor of not requiring exhaustion." Risen Mot. at 5 (citing *Itochu Building Prods. v. United States*, 733 F.3d 1140, 1145 (Fed. Cir. 2013). But the exhaustion requirement is not obviated just because a more "accurate" result would have obtained had an argument been timely raised before the agency. *Cf. PSC VSMPO-Avisma Corp. v. United States*, 688 F.3d 751, 761 (Fed. Cir. 2012) ("A court cannot set aside application of a proper administrative procedure because it believes that properly excluded evidence would yield a more accurate result if the evidence were considered."). Moreover, this argument presumes that Risen's margin is inaccurate. But had the issue been timely raised, Commerce could have conducted additional factfinding and potentially updated or further explained its specificity determination. In any event, Risen should not benefit from the fact that it frustrated the purposes of exhaustion, and thus Commerce's opportunity to calculate what Risen deems an "accurate" margin, by failing to raise the issue.

## **CONCLUSION**

Because Risen did not exhaust its administrative remedies with respect to the Article 26(2) program and does not meet any exception to the exhaustion doctrine, Risen's motion to amend its complaint is futile and should be denied.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. MCCARTHY<br>Director |
|  | /s/ Reginald T. Blades, Jr.<br>REGINALD T. BLADES, JR.<br>Assistant Director |
| OF COUNSEL:<br>SPENCER NEFF<br>Attorney<br>Office of the Chief Counsel<br>for Trade Enforcement and Compliance<br>U.S. Department of Commerce | /s/ Joshua E. Kurland<br>JOSHUA S. KURLAND<br>Senior Trial Counsel<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 480, Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 616-0477<br>Email: Joshua.E.Kurland@usdoj.gov |
| November 9, 2023 | *Attorneys for Defendant United States* |