Slip Op. 23-168

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| RISEN ENERGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> AMERICAN ALLIANCE FOR SOLAR MANUFACTURING, <br><br> Defendant-Intervenor. | Before: Jane A. Restani, Judge <br><br> Court No. 23-00153 |

## MEMORANDUM AND ORDER

[Plaintiff's motion to amend complaint is denied.]

Dated: November 30, 2023

Gregory S. Menegaz, deKieffer & Horgan, PLLC, of Washington, DC, for Plaintiff.

Joshua E. Kurland, Commercial Litigation Branch, U.S. Department of Justice, of Washington, DC, for Defendant. With him on the brief were Brian M. Boynton, Patricia M. McCarthy, and Reginald T. Blades, Jr. Of counsel on the brief was Spencer Neff, Office of Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

Timothy C. Brightbill, Wiley Rein, LLP, of Washington, DC, for Defendant-Intervenor.

Restani, Judge: Before the court is Risen Energy Company's ("Risen") motion to file an amended complaint. Risen Mot. to Amend Compl., ECF No. 21 (Oct. 19, 2023) ("Risen Mot. to Amend"). On September 11, 2023, Risen filed its initial complaint to contest the United States

Department of Commerce's ("Commerce") final results of administrative review as published in <u>Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results and Partial Recission of Countervailing Duty Administrative Review; 2020</u>, 88 Fed. Reg. 44,108 (Dep't Commerce July 11, 2023). See Compl., ECF No. 8 (Sep. 11, 2023). A month later, the court issued a decision in <u>Risen Energy Co. v. United States</u>, Slip. Op. 23-148, 2023 WL 6620508 (CIT Oct. 11, 2023) ("<u>Risen</u>"). In <u>Risen</u>, the court concluded that the Article 26(2) program is not a <u>de jure</u> specific countervailable subsidy. <u>Id.</u> at *4–5. Risen then filed this motion, requesting to amend the complaint that is currently before this court to include a claim that the Article 26(2) program is not specific and thus not countervailable. Risen Mot. to Amend at 6.

It is uncontested that Risen did not raise this claim at any point before the agency. See Risen Mot. to Amend at 2; <u>see also</u> Commerce Resp. to Mot. to Amend Compl. at 3, ECF No. 25 (Nov. 9, 2023) ("Commerce Resp."). Commerce, opposing the motion, argues that because the claim was not exhausted at the agency level, the court should deny this request as futile as Risen will lose on exhaustion grounds. Commerce Resp. at 1–3. Risen contends that the exception to exhaustion for intervening case law ought to govern, allowing Risen to amend its complaint despite its failure to exhaust administrative remedies on this issue. Risen Mot. to Amend at 3. Risen further argues that the strong interest in accurately calculating countervailing duties weighs in favor of waiving the exhaustion requirements in this case. <u>Id.</u> at 5.

The court will ordinarily liberally allow amendment of a complaint "where justice requires it," but need not allow amendment where amendment would be "futile." USCIT Rule 15(a)(2); <u>see</u> <u>Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.</u>, 464 F.3d 1339, 1353 (Fed. Cir. 2006) ("[L]eave to amend may be denied if the court finds that there has been undue

delay that would prejudice the nonmoving party, that the moving party has acted in bad faith, or that the amendment would be futile."). Here, this type of exhaustion is not jurisdictional, and the court applies it when "appropriate." Ceramica Regiomontana, S.A. v. United States, 16 CIT 358, 359 (1992). The intervening case law exception applies to issues that present a "pure question of law." Agro Dutch Industries Ltd. v. United States, 508 F.3d 1024, 1029 (Fed. Cir. 2007). An issue raises a pure legal question where plaintiffs "raise a new argument that is of a purely legal nature, [and] the inquiry [does] not require further agency involvement, additional fact finding, or opening up of the record . . . ." Gerber Food (Yunnan) Co. v. United States, 33 CIT 186, 195–96, 601 F. Supp. 2d 1370, 1380 (2009). When required, exhaustion serves two main purposes: "to allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors," and to "promot[e] judicial efficiency by enabling an agency to correct its own errors so as to moot judicial controversies." Sandvik Steel Co. v. United States, 164 F.3d 596, 600 (Fed. Cir. 1998).

Here, waiver of the exhaustion requirement is inappropriate because Risen does not raise a "pure question of law." Risen misunderstands the claim it is trying to raise; the claim it seeks to bring to the court is not whether the Article 26(2) program is de jure specific, but whether the Article 26(2) program is a countervailable subsidy. See Risen *4–5. Examination of this claim would require further development of the record, which means that it does not present a purely legal issue, and thus the intervening case law exception to exhaustion requirements does not apply. See Gerber, 33 CIT at 195–96, 601 F. Supp. 2d at 1380. In Risen, Commerce was given the opportunity to refine its explanation and still failed to articulate a reasonable explanation of why the Article 26(2) program was countervailable. See Risen at *4–5. It is far from certain that this would have been the case here. The claim Risen neglected to raise here had already been raised

by Risen's co-plaintiff, JingAo Solar Co., Ltd. ("JA Solar"), in the litigation that then was ongoing in Risen. See id. It is possible, as the Government points out, that, had this program been objected to here, Commerce might have chosen to shore up its specificity analysis with an alternative argument that the program was de facto specific. See Commerce Resp. at 3, 8. The court has not ruled on whether a de facto specific analysis might support a finding that this program is countervailable, and certainly cannot do so without a fully developed record—a fact that was noted in Risen itself. Risen, at *5 n.3. Given the undeveloped record in this case, the interest in accuracy that Risen argues would support waiving exhaustion actually favors requiring exhaustion here; the court cannot accurately make an assessment of this program without a record in front of it. Because Risen did not object to this program at the agency level, a full record, addressing all of these issues, does not exist. Waiver of the exhaustion requirement is therefore inappropriate in this case. See Gerber, 33 CIT at 195–96, 601 F. Supp. 2d at 1380 (noting that waiver of exhaustion is appropriate where no further development of the record is required of the Agency).

Further, this is not a case where the court's decision not to waive exhaustion requirements causes a grave injustice. Risen was a party to the litigation regarding the prior administrative review period in which its co-plaintiff, JA Solar, raised this argument. See Decision Memorandum for the Preliminary Results of the Countervailing Duty Order on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China, C-570-980, POR 01/01/2019-12/31/2019 (Dep't Commerce Dec. 30, 2021) ("2019 PDM"); see also Issues and Decision Memorandum for Final Results of the Administrative Review of the Countervailing Duty Order on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China, C-570-980, POR 01/01/2019-12/31/2019 (Dep't Commerce June 29, 2022) ("2019 IDM"); see also Risen at *1, *4–5. Accordingly, Risen was on notice that

the specificity issue existed; it might have argued it before the agency. The intervening case law exception exists to remedy cases where parties are "surprised" by a twist of the law that is impossible to predict. See Ceramica, 16 CIT at 361. Here, Risen cannot possibly argue that it was surprised by the existence of this issue; it was the lead plaintiff in the case to which it cites. Risen at *1. It was a mandatory respondent in the 2019 administrative review in which the specificity of the Article 26(2) program was first raised. See 2019 PDM; see also 2019 IDM. The Preliminary Decision Memorandum for this case was not issued until 2023. See Decision Memorandum for the Preliminary Results of the Countervailing Duty Administrative Review, Rescission in Part, and Preliminary Intent to Rescind in Part: Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China at 52, C-570-980, POR 01/01/2020-12/31/2020 (Dep't Commerce Jan. 3, 2023). The specificity issue is not now a surprise. At best, Risen may argue that it did not expect the court to decide in JA Solar's favor and, having seen the ruling, it now wishes to benefit from a newly formed expectation that the court would decide for it on this previously unraised matter. Risen's decision not to raise this claim earlier, however, has deprived Commerce of both the ability to make a record, and the opportunity to "correct its own errors." See Sandvik Steel, 164 F.3d at 600.

      Parties are free to make strategic decisions about what they wish to contest at the agency level. The court cannot comment on why Risen did not raise this matter, as it is not explained by Risen, but justice does not favor ignoring exhaustion principles here. When a party declines to contest a matter at the agency level while its co-plaintiff in an ongoing separate case does so, exhaustion will not give way to an exception designed to give shelter to plaintiffs surprised by the law. The only intervening factor in this case is JA Solar's victory. That alone is not enough reason

to allow Risen to amend this complaint to an add a claim that it previously has made the decision not to make before the agency.

    As Risen would fail on exhaustion grounds if this complaint were amended, interests in efficiency support denying this motion, rather than granting it and allowing further briefing to no end.

    For the forgoing reasons, the court DENIES the motion to amend.

/s/ Jane A. Restani<br>Jane A. Restani, Judge

Dated: November 30, 2023
       New York, New York