IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| RISEN ENERGY CO., LTD,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>        Defendant,<br><br>and,<br><br>ALLIANCE FOR AMERICAN SOLAR MANUFACTURING,<br><br>        Defendant-Intervenor. | Before: Hon. Jane A. Restani,<br>        Judge<br><br>Court No. 23-00153 |

## RESPONSE TO MOTION FOR JUDGMENT ON THE AGENCY RECORD

Timothy C. Brightbill, Esq.
Laura El-Sabaawi, Esq.

WILEY REIN LLP
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to Alliance for American Solar Manufacturing*

Dated: April 10, 2024

Ct. No. 23-00153

# **TABLE OF CONTENTS**

|       |                                                                                                                                                                                                            | Page |
|-------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
| I.    | INTRODUCTION                                                                                                                                                                                               | 1    |
| II.   | RULE 56.2 STATEMENT                                                                                                                                                                                        | 1    |
|       | A. ADMINISTRATIVE DECISION UNDER REVIEW                                                                                                                                                                    | 1    |
|       | B. ISSUE PRESENTED AND SUMMARY OF ARGUMENT                                                                                                                                                                 | 2    |
| III.  | STANDARD OF REVIEW                                                                                                                                                                                         | 2    |
| IV.   | COMMERCE'S DECISION TO APPLY AFA WITH RESPECT TO RISEN'S USE OF THE EXPORT BUYER'S CREDIT PROGRAM IS SUPPORTED BY SUBSTANTIAL EVIDENCE AND IN ACCORDANCE WITH LAW                                          | 4    |
| V.    | CONCLUSION                                                                                                                                                                                                 | 8    |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ceramica Regiomontana, S.A. v. United States*,
   810 F.2d 1137 (Fed. Cir. 1987) .................................................................................4

*Consol. Fibers, Inc. v. United States*,
   32 CIT 24, 535 F. Supp. 2d 1345 (2008) ....................................................................4

*Consolo v. Fed. Mar. Comm'n*,
   383 U.S. 607 (1966) ....................................................................................................3

*Cooper (Kunshan) Tire Co. v. United States*,
   610 F. Supp. 3d 1287 (Ct. Int'l Trade 2022) ............................................................6, 7

*Dongtai Peak Honey Indus. Co. v. United States*,
   971 F. Supp. 2d 1234 (Ct. Int'l Trade 2014), *aff'd*, 777 F.3d 1343 (Fed. Cir. 2015) ........................................................................................................................3, 4

*Fujian Yinfeng Imp. & Exp. Trading Co. v. United States*,
   No. 21-00088, Slip. Op. 22-107 (Ct. Int'l Trade Sept. 13, 2022) ................................5

*Fujitsu Gen. Ltd. v. United States*,
   88 F.3d 1034 (Fed. Cir. 1996) ............................................................................2, 3, 4

*Guizhou Tyre Co. v. United States*,
   348 F. Supp. 3d 1261 (Ct. Int'l Trade 2018) ...............................................................3

*I.N.S. v. Elias-Zacarias*,
   502 U.S. 478 (1992) ....................................................................................................3

*Jiangsu Jiasheng Photovoltaic Tech. Co. v. United States*,
   28 F. Supp. 3d 1317 (Ct. Int'l Trade 2014) .................................................................4

*Matsushita Elec. Indus. Co. v United States*,
   750 F.2d 927 (Fed. Cir. 1984) ....................................................................................3

*Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*,
   463 U.S. 29 (1983) ......................................................................................................4

*Peer Bearing Company-Changshan v. United States*,
   27 CIT 1763, 298 F. Supp. 2d 1328 (2003) ................................................................3

*Tianjin Mach. Imp. & Exp. Corp. v. United States*,
   16 CIT 931, 806 F. Supp. 1008 (1992) .......................................................................7

*Timken Co. v. United States*,
    12 CIT 955, 699 F. Supp. 300 (1988) ................................................................................3

*Universal Camera Corp. v. NLRB*,
    340 U.S. 474 (1951) ...........................................................................................................2

**Statutes**

19 U.S.C. § 1516a(b)(1)(B)(i) ................................................................................................2

**Administrative Materials**

*Solar Cells from China. Crystalline Silicon Photovoltaic Cells,
    Whether or Not Assembled Into Modules, From the People's
    Republic of China*, 88 Fed. Reg. 44,108 (Dep't Commerce July 11, 2023) ..............................1

Ct. No. 23-00153

I. **INTRODUCTION**

On behalf of the defendant-intervenor in this action, Alliance for American Solar Manufacturing (the "Alliance" or "Defendant-Intervenor"), we hereby submit the following response to the January 31, 2024 motion for judgment on the agency record filed by Plaintiff Risen Energy Co., Ltd. ("Risen").

For the reasons discussed in this brief, in conjunction with the arguments presented by Defendant United States in its response brief, Defendant-Intervenor respectfully requests that this Court reject the arguments raised by Plaintiff and affirm the Final Results of the U.S. Department of Commerce ("Commerce") in the administrative review of the countervailing duty ("CVD") order on *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China* ("*Solar Cells from China*").

II. **RULE 56.2 STATEMENT**

A. **Administrative Decision Under Review**

The administrative determination challenged is Commerce's Final Results in the 2020 administrative review of the CVD order on *Solar Cells from China*. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 88 Fed. Reg. 44,108 (Dep't Commerce July 11, 2023) (final results and partial rescission of countervailing duty admin. rev.; 2020), P.R. 376 ("Final Results") and accompanying Issues and Decision Memorandum, P.R. 366 ("Final I&D Memo").[1]

---

[1] Documents on the public record of the underlying administrative review are identified here as "P.R.," followed by the number assigned to the relevant document in the Administrative Record Index (Oct. 23, 2023), ECF No. 22. Documents in the confidential Administrative Record are identified by name, followed by "C.R." and the corresponding record number.

1

B.     **Issue Presented and Summary of Argument**

**Whether Commerce's Decision to Apply Adverse Facts Available with Respect to the Respondent's Use of the Export Buyer's Credit Program Is Supported by Substantial Evidence and in Accordance with Law?**

Yes. Commerce properly applied adverse facts available ("AFA") in finding respondent Risen to have used the Export Buyer's Credit program ("EBC program"). The Government of the People's Republic of China ("GOC") failed to provide complete information regarding the operations of this program, including critical information concerning changes made to the program and the partner and correspondent banks used to disburse program funds. As the Court of International Trade has recognized, Commerce may reasonably apply AFA under such circumstances. Importantly, Risen failed to provide non-use certifications for each of its U.S. customers, certifying that those companies did not use the EBC program during the period of review ("POR"). Commerce reasonably found that, without such certifications from each of Risen's customers, it was not possible to verify non-use, and the agency applied AFA accordingly based on the GOC's refusal to cooperate fully. The arguments made by respondents fail to grapple with this fundamental fact and should be rejected by the Court.

III.   **STANDARD OF REVIEW**

This Court reviews Commerce's decisions in CVD proceedings to determine whether those decisions are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i); *see also Fujitsu Gen. Ltd. v. United States*, 88 F.3d 1034, 1038 (Fed. Cir. 1996). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951) (citation omitted). It is "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an

administrative agency's finding from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966); *see also Dongtai Peak Honey Indus. Co. v. United States*, 971 F. Supp. 2d 1234, 1239 (Ct. Int'l Trade 2014), *aff'd*, 777 F.3d 1343, 1349 (Fed. Cir. 2015). With respect to benchmark calculations, "{t}he court's role is not to assess whether the benchmark data Commerce used was the 'best available,' but rather whether Commerce's choice was reasonable." *Guizhou Tyre Co. v. United States*, 348 F. Supp. 3d 1261, 1274 (Ct. Int'l Trade 2018) (citing *Peer Bearing Company-Changshan v. United States*, 27 CIT 1763, 1770, 298 F. Supp. 2d 1328, 1336 (2003)).

A plaintiff cannot ask the Court to re-weigh the evidence on the record and decide the case for Commerce. *See Matsushita Elec. Indus. Co. v United States*, 750 F.2d 927, 936 (Fed. Cir. 1984). Factual findings by Commerce are afforded considerable deference. *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992) (stating that in fact-intensive situations, agency conclusions should be reversed only if the record contains evidence "so compelling that no reasonable factfinder" could reach the same conclusion). Indeed, Commerce is afforded "tremendous deference," which is "both greater than and distinct from that accorded the agency in interpreting the statutes it administers" when Commerce exercises its "technical expertise in identifying, selecting, and applying methodologies to implement the dictates set forth in the governing statute." *Fujitsu Gen. Ltd.*, 88 F.3d at 1039.

Particularly regarding technical matters, it is not the role of the Court to "weigh the adequate quality or quantity of the evidence for sufficiency or to reject a finding on grounds of a differing interpretation of the record." *Timken Co. v. United States*, 12 CIT 955, 962, 699 F. Supp. 300, 306 (1988). "{C}ountervailing duty determinations involve complex economic and accounting decisions of a technical nature, for which agencies possess far greater expertise than

courts." *Fujitsu Gen. Ltd.*, 88 F.3d at 1039. In addition, the Court "uphold{s} a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (quoting *Bowman Transp. Inc. v. Arkansas-Best Freight Sys.*, 419 U.S. 281, 286 (1974)); *Ceramica Regiomontana, S.A. v. United States*, 810 F.2d 1137, 1139 (Fed. Cir. 1987). As such, Commerce need only "articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle*, 463 U.S. at 43 (citation omitted).

In determining whether Commerce's decisions in CVD proceedings are "unsupported by substantial evidence on the record, or otherwise not in accordance with the law," this Court reviews the agency's conduct under the abuse of discretion standard. *See Dongtai Peak*, 971 F. Supp. 2d at 1239, *aff'd*, 777 F.3d at 1349; *Jiangsu Jiasheng Photovoltaic Tech. Co. v. United States*, 28 F. Supp. 3d 1317, 1323 (Ct. Int'l Trade 2014). Accordingly, the Court has recognized that it "(1) must consider whether {Commerce's} decision was based on a consideration of relevant factors and whether there has been a clear error of judgment, and (2) analyze whether a rational connection exists between {Commerce's} factfindings and its ultimate action." *Consol. Fibers, Inc. v. United States*, 32 CIT 24, 35-36, 535 F. Supp. 2d 1345, 1354 (2008).

**IV. COMMERCE'S DECISION TO APPLY AFA WITH RESPECT TO RISEN'S USE OF THE EXPORT BUYER'S CREDIT PROGRAM IS SUPPORTED BY SUBSTANTIAL EVIDENCE AND IN ACCORDANCE WITH LAW**

Risen argues that Commerce erred in applying AFA regarding its use of the EBC program, "when record evidence only contains evidence of non-use." *See generally* Risen Br. However, as Commerce explained, the record of the underlying administrative review does not contain complete information regarding the EBC program and does not adequately demonstrate that Risen did not use the program during the POR. *See* Final I&D Memo at 13-20. Importantly, this Court

has recognized the deference afforded Commerce in upholding the agency's decision to apply AFA as to the use of this program under similar circumstances and pursuant to the same reasoning as in this review. *See Fujian Yinfeng Imp. & Exp. Trading Co. v. United States*, No. 21-00088, Slip. Op. 22-107 at *7 (Ct. Int'l Trade Sept. 13, 2022). In fact, the record here contains additional facts further supporting the application of AFA, as Risen failed to provide certifications of non-use for one of its customers, whereas the respondent in *Fujian Yinfeng* had submitted non-use certifications for all of its customers. Final I&D Memo at 14; *Fujian Yinfeng* at *2, *4-6. Accordingly, Commerce appropriately applied AFA, and its decision to do so should be sustained by the Court.

In *Fujian Yinfeng*, this Court upheld Commerce's determination to apply AFA as to the use of the EBC program under a similar fact pattern. *See Fujian Yinfeng* at *4-6. There, the Court found that "Commerce explained at length why the missing information . . . was necessary to confirm { } non-use {of the EBC program}." *Id.* at *5. Specifically, the Court found that Commerce's "thorough explanation of exactly why the missing information was necessary to verify {EBC program} non-use distinguishes this case from other cases where this court has held that Commerce failed to properly explain the need for the absent information." *Id.* at *6. Likewise, here, Commerce thoroughly explained why the GOC's refusal to provide requested information concerning the EBC program's USD $2 million contract minimum, the correspondent and partner banks of the EBC program, and other elements of this subsidy program have made it impossible for Commerce to fully verify whether respondents did in fact use this program. *See* Final I&D Memo at 13-20.

Defendant-Intervenor emphasizes that a key aspect of Commerce's determination – and a fact that distinguishes this case from other proceedings – is that Risen failed to provide non-use

5

certifications for each of its U.S. customers, as it acknowledges. Final I&D Memo at 15; Risen Brief at 5. Commerce reasonably determined that, because of the GOC's non-cooperation, necessary information was missing from the record and that, since Risen did not provide complete non-use certifications, it did not provide information capable of filling that gap in the record. Final I&D Memo at 15-16. As the agency explained, "Risen has not explained how Commerce could conclusively verify the non-use of the program when only some of their U.S. customers have indicated a willingness to cooperate. It remains impossible, and contrary to Commerce's practice, to confirm non-use based on partial non-use information." *Id.* at 15. Thus, while Defendant-Intervenor submits that even comprehensive certifications are insufficient to demonstrate non-use, Risen's failure to provide these certifications is clear evidence by itself that the respondent has not demonstrated that it did not use the EBC program during the POR.

In response to prior decisions from this Court, Commerce has developed a practice of requesting non-use certifications from Chinese respondents for each of their U.S. customers. *See Cooper (Kunshan) Tire Co. v. United States*, 610 F. Supp. 3d 1287, 1316-18 (Ct. Int'l Trade 2022). Where a respondent is able to provide a non-use certification for each U.S. customer, Commerce will issue an EBC program supplemental questionnaire, requesting additional information concerning the respondent's financing and potential use of the program. *See* Final I&D Memo at 14-15. However, when the agency does not receive non-use certifications from all U.S. customers, Commerce will *not* issue the supplemental questionnaire or otherwise attempt to verify the respondent's claims of non-use due to the lack of necessary information. *Cooper (Kunshan) Tire Co.*, 610 F. Supp. 3d at 1315-16. In other words, "Commerce's approach to attempting verification of statements pertaining to non-use is predicated upon the respondents voluntarily providing information on the record that might fill the gap caused by the GOC's noncooperation." *Id.* at

1316. Consistent with this practice, Commerce reasonably applies AFA when the GOC refuses to cooperate and the respondent, at a minimum, fails to provide non-use certifications for each of its U.S. customers. Indeed, as Defendant recognizes, in *Cooper (Kunshan) Tire Co.*, this Court averred that applying AFA to find non-use where respondents do not provide complete certifications "is consistent with the Court's treatment of incomplete certifications" in other cases. *Id.* at 1318. This Court should reach a similar decision here.

In arguing otherwise, respondents misapply the facts of this case and the burden on the agency. Respondents claim that "{i}f the certifications from all customers were required, then the Department was obliged to actually request the EBC certificates as part of the questionnaire or a supplemental questionnaire." Risen Br. at 5-6. This mistakenly places the burden of creating an adequate record on the Commerce Department, rather than the parties, where it properly lies. *Tianjin Mach. Imp. & Exp. Corp. v. United States*, 16 CIT 931, 936, 806 F. Supp. 1008, 1015 (1992). Risen knew well that the certifications were required for a finding of non-use, and it provides no indication that it would have been able to provide them if further requested by Commerce, given its statement that its customer was unwilling to cooperate. The record is clear that Risen did not provide the requisite non-use certifications. Risen fails to adequately address this shortcoming, demonstrate how the record is complete notwithstanding this fact or demonstrate how Commerce could have verified non-use without even having full certifications on the record. Accordingly, the Court should affirm Commerce's use of AFA in finding Risen to have used the EBC program.

## V. CONCLUSION

For the reasons detailed above, Defendant-Intervenor respectfully requests that the Court reject the arguments raised by Plaintiff and affirm Commerce's Final Results in the 2020 administrative review of the CVD order on *Solar Cells from China*.

Respectfully submitted,

*/s/ Timothy C. Brightbill*
Timothy C. Brightbill, Esq.
Laura El-Sabaawi, Esq.

**WILEY REIN LLP**
2050 M Street NW
Washington, DC 20036
(202) 719-7000

*Counsel to Alliance for American Solar Manufacturing*

Dated: April 10, 2024

# CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(l), the undersigned certifies that this brief complies with the word limitation requirement. The word count for Response to Motion for Judgment on the Agency Record, as computed by Wiley Rein LLP's word processing system (Microsoft Word 2019), is 2,161 words.

*/s/ Timothy C. Brightbill*
(Signature of Attorney)

Timothy C. Brightbill
(Name of Attorney)

Alliance for American Solar Manufacturing
(Representative Of)

April 10, 2024
(Date)